IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    )
                                         )    Civil No. 10-168 Erie
                                         )    Criminal No. 06-16 Erie
                                         )    Judge Sean J. McLaughlin
      v.                               )

JOHN GREEN,                    )

                                         )

**MEMORANDUM OPINION AND ORDER**

McLAUGHLIN, SEAN J., J.


      This matter is before the Court upon Defendant John Green's Motion to
Vacate Judgment pursuant to 28 U.S.C. § 2255. In his motion, Green primarily
alleges that this Court erred in classifying and sentencing him as a career offender
pursuant to U.S.S.G. § 4B1.1. For the reasons which follow, the motion will be
denied.


## I.  BACKGROUND

      On April 11, 2006, a federal grand jury returned a one-count indictment
charging Green with bank robbery in violation of 18 U.S.C. § 2113(a). On June 12,
2006, Green pleaded guilty. Shortly thereafter, a presentence report ("PSR") was
prepared wherein the probation officer recommended that Green be sentenced as a
career offender pursuant to U.S.S.G. § 4B1.1 based upon Green allegedly having "at
least two prior felony convictions of either a crime of violence or a controlled
substance offense." U.S.S.G. § 4.B1.1(a). Green's prior convictions for simple
assault in 1997 and 2006 and for aggravated assault in 1998 formed the underlying
basis for the "career offender" recommendation. See United States v. Green, 282
Fed. Appx. 200, 201 (3rd Cir. 2008).

1

Prior to sentencing, Green disputed his designation as a career offender and moved for a downward departure, arguing that his criminal history category over-stated the severity of his past crimes. Id. at 202. On September 19, 2006, this Court held a sentencing hearing and rejected Green's objections to the PSR. Based upon Green's criminal history category and offense level, he was sentenced to a term of imprisonment of 165 months. Id.

Green filed a timely appeal to the Third Circuit wherein he argued, *inter alia*, that "the District Court committed procedural error in applying the . . . career offender enhancement to him." Id. at 202. During the pendency of Green's appeal, the United States Supreme Court issued a decision in <u>Begay v. United States</u>, 533 U.S. 137 (2008), wherein it held that an offense must "typically involve purposeful, 'violent,' and 'aggressive' conduct" in order to qualify as an offense that "presents a serious potential risk of physical injury to another" within the meaning of the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). Roughly two months after the Supreme Court handed down its decision in <u>Begay</u>, the Third Circuit rejected Green's appeal and affirmed his sentence as follows:

> Green first argues that the District Court committed procedural procedural error in applying the Guidelines' Chapter Four career offender enhancement to him. This argument is meritless. In <u>United States v. Dorsey</u>, 174 F.3d 331 (3d Cir.1999), we held that "[b]ecause all three parts of Pennsylvania's definition of simple assault necessarily involve involve conduct that presents a serious potential risk of physical physical injury, a conviction under the statute is one for a crime crime of violence." Id. at 333 (internal quotation marks omitted). omitted). Prior to the instant offense, Green had been convicted convicted in Pennsylvania for aggravated assault and twice for for simple assault. Accordingly, Green "has at least two prior felony convictions of ... a crime of violence." U.S.S.G. § 4B1.1(a)(3). Therefore, the District Court did not err

procedurally in sentencing Green as a career offender.
Id.

Shortly thereafter, Green filed a counseled petition for writ of certiorari, asserted, *inter alia*, that the Third Circuit had failed to discuss or cite the Supreme Court's recent holding in <u>Begay</u> in the course of affirming his sentence. Green argued that, in the aftermath of <u>Begay</u>, a conviction in Pennsylvania for simple assault no longer satisfied the criteria of a "crime of violence" within the meaning of U.S.S.G. § 4B1.1. The Supreme Court denied Green's petition for certiorari on March 9, 2009.

In his instant 2255 motion, Green again contends that this Court and the Third Third Circuit erred in categorizing him as a career offender.[1] The government has has filed a brief in opposition and Green has filed a reply brief. As such, this matter matter is ripe for review.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence sentence was imposed in violation of the Constitution or laws of the United States, or States, or that the court was without jurisdiction to impose such sentence, or that the the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. When a motion is made pursuant to pursuant to 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion,

---

[1] Green also asserts, in a footnote, that this Court erred in calculating his restitution amount because the bank that Green robbed was insured by the FDIC. This claim is wholly frivolous and warrants no further discussion. <u>See</u> 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court shall order restitution . . . in the full amount of each victim's losses"); 18 U.S.C. § 3664(j)(1) (indicating that a defendant is not entitled to a credit for any amount that "a victim has received [as] compensation from insurance or any other source").

discretion, the court must accept the truth of the petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. States v. Day, 969 F.2d 39, 41-42 (3rd Cir. 1992). Further, the court must order an an evidentiary hearing to determine the facts unless the motion and files and records records of the case show conclusively that the petitioner is not entitled to relief. Id. Id.

Here, upon consideration of Green's petition, the government's response thereto, and the pleadings and documents of record, I conclude that no hearing is warranted because Green's claims rely entirely upon legal arguments and do not raise any factual issues which require further development.

## III.  DISCUSSION

Section 4B1.1 of the United States Sentencing Guidelines ("Guidelines") provides that a defendant qualifies as a "career offender" for purposes of sentencing if he, *inter alia*, "has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  The Guidelines define a "crime of violence" as "any offense . . . punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of serious injury to another."  U.S.S.G. § 4B1.2(a).  The commentary to § 4B1.2 offers the following enumerated examples of crimes of violence: "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."  U.S.S.G. § 4B1.2 cmt. 1.

At sentencing, this Court categorized Green as a career offender after concluding that his previous convictions for aggravated assault and simple assault assault constituted "crimes of violence."  See U.S.S.G. § 4.B1.1(a).  At the time, it it was well-established in the Third Circuit that a conviction under the Pennsylvania Pennsylvania simple assault statute, 18 Pa.C.S.A § 2701, constituted a crime of

violence for purposes of § 4B1.1 of the Guidelines.  See United States v. Dorsey, 174 F.3d 331, 333 (3rd Cir. 1999) ("Because . . . Pennsylvania's definition of simple simple assault necessarily involve[s] 'conduct that presents a serious potential risk of risk of physical injury,' a conviction under the statute is one for a 'crime of violence.'").  However, shortly after Green's sentencing, and during the pendency of pendency of his appeal, the United States Supreme Court clarified the definition of of "violent felony" in an analogous piece of legislation,[2] the Armed Career Criminal Criminal Act, to potentially exclude crimes which were committed with a reckless (as (as opposed to intentional or purposeful) *mens rea*. 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA").  See Begay, 553 U.S. 137.

In Begay, the issue before the Supreme Court was whether a conviction for driving under the influence of alcohol ("DUI") in violation of a New Mexico statute was a "violent felony" for purposes of the ACCA.  Id. at 137.  The Court first noted noted that, in order to qualify as a crime of violence, a crime must both "present[] a a serious potential risk of physical injury to another" and be similar in scope to the enumerated examples provided in the statute.  Id. at 141.  The Court readily concluded that driving under the influence creates a serious potential for physical injury, satisfying the first element.  Id.  However, it drew a distinction between DUI DUI and several of the "example" crimes – including "burglary, arson, extortion, and and crimes involving the use of explosives" – on the basis that each of those crimes crimes involved "purposeful, 'violent,' and 'aggressive' conduct."  Begay, 553 U.S. at U.S. at 144-45 (quoting United States v. Begay, 470 F.3d 964, 980 (10th Cir. 2006) 2006) (McConnell, J., dissenting in part).  In contrast, the Court noted that statutes statutes criminalizing "passive" harmful behavior, such as DUI statutes, typically

---

2       Courts have recognized that "the definitions of 'violent felony' in [the Armed Career Criminal Act] and 'crime of violence' in the Guidelines are 'close enough that precedent under the former must be considered in dealing with the latter.'"  United States v. Johnson, 587 F.3d 203, 208 n. 5 (3rd Cir. 2009) (quoting United States v. Polk, 577 F.3d 515, 519 n. 1 (3rd Cir. 2009).

criminalize mere "accidental or negligent conduct." Id. Such reckless or negligent negligent crimes, according to the Court, may not be included within the definition of of "violent felony" within the meaning of the ACCA. Id. at 147.

Relying on Begay, Green contends that this Court erred in sentencing him as as a career offender because the Pennsylvania simple assault statute pursuant to which he was twice previously convicted, and which formed the predicate for his career offender designation, imposes criminal liability on the basis of both intentional intentional *and* reckless conduct. See 18 Pa.C.S.A. § 2701(a)(1) ("A person is guilty guilty of assault if he . . . attempts to cause or intentionally, knowingly *or recklessly recklessly* causes bodily injury to another . . .") (emphasis added). Green argues that, if each of his convictions for simple assault[3] in 1997 and 2006 were committed committed recklessly, rather than intentionally, they would not qualify as "crimes of of violence" within the meaning of U.S.S.G. § 4.B1.1(a). See Petitioner's 2255 Motion, at 3; Begay, 553 U.S. at 144-45.

The government, in response, contends that Green procedurally defaulted this this claim by failing to present it on direct review.[4] A claim which is not raised on direct review is procedurally barred and cannot be raised on collateral review without without a showing of either actual innocence, or of "cause" for the failure to raise the the claim and "actual prejudice" from the alleged error. See, e.g., Murray v. Carrier, Carrier, 477 U.S. 478, 490-92 (1986) (claim not raised on direct review is procedurally defaulted); United States v. Frady, 456 U.S. 152, 170 (1982).

In his brief in support of his 2255 Motion, Green asserts that his counsel provided ineffective assistance by failing to raise this issue on direct review,

---

3 Green concedes that his 1998 conviction for aggravated assault is a crime of violence.

4 The government also contends that Green's petition is untimely. However, a review of the record reveals the potential existence of several factual issues and questions related to equitable tolling. Given that Green's underlying claim is clearly meritless, the Court will not address whether his petition is also untimely.

providing "cause" for his alleged default. (Memorandum of Points and Authorities, Authorities, Dkt. 34, at 2). In <u>Murray</u>, the Supreme Court acknowledged that ineffective assistance of counsel can indeed provide "cause" for a petitioner's failure failure to raise an underlying claim on direct review. <u>Murray</u>, 477 U.S. at 488-89. However, such claims must satisfy the "rigorous standard" of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which requires a defendant to show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) (2) that, but for the alleged error, the outcome of the proceeding would likely have been different. <u>Strickland</u>, 466 U.S. at 687. Moreover, even if a defendant can show show "cause" for his default, he still must show "actual prejudice" from the error. This requires more than the mere possibility of prejudice; rather, the alleged error must have "worked to [defendant's] actual and substantial disadvantage." <u>Frady</u>, 456 U.S. at 170. Thus, in order to excuse his failure to have raised the instant claim claim on direct review, Green must show that, if not for the alleged underlying error, error, a different outcome would have resulted. More specifically, Green must demonstrate that neither of his simple assault convictions satisfies the definition of of crime of violence for purposes of § 4B1.1 of the Guidelines.

This precise issue was recently addressed by the Third Circuit in <u>United States v. Johnson</u>, 587 F.3d 203. In <u>Johnson</u>, the defendant pleaded guilty to unlawful possession of a firearm by a person previously convicted of a felony. At sentencing, the district court concluded that a previous conviction under the Pennsylvania simple assault statute constituted a "crime of violence" within the meaning of the Guidelines and sentenced Johnson accordingly. On appeal, Johnson argued that his "simple assault conviction did not qualify as a 'crime of violence'" in light of <u>Begay</u> because "the government had introduced no other evidence on the basis of which to determine his particular *mens rea* when he committed" the simple assault. <u>Id</u>. at 206.

The Third Circuit began its analysis by noting that, post-<u>Begay</u>, only a

conviction for an "intentional" crime of "violence or aggression," rather than "a crime of negligence or recklessness," would likely satisfy the Sentencing Guideline's definition of a crime of violence. <u>Id</u>. at 211 n. 8 (quoting <u>Begay</u>, 553 U.S. at 144-45); <u>see</u> <u>also</u> <u>Polk</u>, 577 F.3d at 519 ("Post-<u>Begay</u>, the distinction between active and passive crimes is vital . . ."). Mirroring the analysis in <u>Begay</u>, the Third Circuit reviewed the elements of Pennsylvania's simple assault statute and the enumerated crimes set forth in the commentary to the Sentencing Guidelines before "easily" concluding that "an intentional or knowing violation of the PSAS is a crime of violence under U.S.S.G. § 4B1.2(a)(2)." <u>Id</u>. at 212. The Court then examined the factual allegations set forth in the presentence report and other relevant portions of the record in an attempt to determine whether Johnson's simple assault conviction reflected intentional conduct, or mere reckless or negligent conduct. <u>Id</u>. at 213. When that examination proved inconclusive, the Court ultimately remanded to the district court for an examination of the relevant plea colloquy to determine what level of *mens rea* Johnson had pleaded guilty to. <u>Id</u>. at 213-14.

In the instant case, the description of Green's 2006 simple assault conviction set forth in the PSR states that Green "did *intentionally* cause bodily injury to the face and neck of his live-in girlfriend" by "punching the victim in the right eye and forehead area causing swelling and redness, which required medical attention." PSR ¶ 36. At sentencing, Green failed to object to this summary of his 2006 simple assault conviction or any other facts contained in the PSR. As such, the facts contained therein are deemed to have been admitted.[5] <u>See</u> <u>United States v. Siegel</u>, 477 F.3d 87, 93-94 (3rd Cir. 2007). The holding in <u>Siegel</u> is particularly instructive in this regard, as the issue before the Court

---

5    In light of this finding that Green's 2006 simple assault conviction constitutes the requisite second "crime of violence" for purposes of the career offender designation, there is no need to further examine Green's 1997 simple assault conviction.

concerned whether a prior conviction for indecent assault under Pennsylvania law constituted a "crime of violence" within the meaning of the Guidelines. As with the the Pennsylvania simple assault statute, the Pennsylvania indecent assault statute statute at issue in <u>Seigel</u> criminalized several distinct categories of offenses, only some of which could be construed as crimes of violence. <u>Id</u>. at 91-92. The only relevant evidence concerning which category of prior offense Siegel had committed committed was the "description of the offense conduct in the Presentence Report, which states that Siegel actually physically restrained and forced the victim . . . to accede to his assaults." <u>Id</u>. at 92-93. Noting that Siegel had not objected to the description of the assault contained in the PSR, the Court concluded that this "admission" to the "factual description of the assaults" contained in the PSR was sufficient to conclude that Siegel's indecent assault was a crime of violence. <u>Id</u>. at at 93; <u>see</u> <u>also</u> <u>United States v. Nelson</u>, 468 Fed. Appx. 136, 139 (3rd Cir. 2012) ("By ("By failing to object to the PSR, [defendant] admitted the factual allegation[s] in the the PSR . . ."); <u>United States v. Malinsky</u>, 391 Fed. Appx. 200, 204 ("Failure to object object to a fact in the PSR is an admission of that fact."); <u>United States v. Brown</u>, 2010 WL 2976128, *10 (W.D. Pa. 2010) (concluding that a prior conviction was a "crime of violence" on the basis of "the description of the indecent assault conduct set forth in the PSR to which Mr. Brown did not object.").

For each of the foregoing reasons, Green's 2006 conviction for "intentionally" "intentionally" assaulting his live-in girlfriend, paired with his 1998 conviction for aggravated assault, establish the two prior felony convictions for crimes of violence violence required by U.S.S.G. § § 4B1.1 of the Guidelines.[6]

## IV. CONCLUSION

---

6      Having concluded that Green's claims lacks any merit, the Court necessarily concludes that counsel's performance was not deficient in failing to raise these issues on direct review. Consequently, Green's claim is also procedurally defaulted.

For the reasons stated herein, Green's Motion to Vacate Judgment pursuant pursuant to 28 U.S.C. § 2255 is denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | Civil No. 10-168 Erie |
| ) | Criminal No. 06-16 Erie |
| ) | Judge Sean J. McLaughlin |
| vi.     ) | |
| ) | |
| JOHN GREEN,     ) | |
| ) | |
| ) | |

**ORDER**

AND NOW, this 18th day of April, 2013, for the reasons set forth above, it is hereby ORDERED that Petitioner's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c), Petitioner has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability.

/s/ - Sean J. McLaughlin
United States District Judge

cm:    All parties of record.